972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
John S. THURSTON, Appellant.
 No. 91-3371WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 12, 1992.
Filed: August 25, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 John S. Thurston has been convicted on his plea of guilty to one count of making a false report and statement to a federally insured bank, in violation of 18 U.S.C. § 1014. The District Court[1] sentenced him to two years in prison, and he appeals. We affirm.
 
 
 2
 The base offense level for violation of 18 U.S.C. § 1014 is six. U.S.S.G. § 2F1.1(a). Six levels were added because, as a result of the fraudulent document that defendant gave bank officials, a loan in the amount of $110,000.00 was made. U.S.S.G. § 2F1.1(1)(g). In addition, a two-level increase was imposed by the sentencing court because of its finding that more than minimal planning had been involved in the offense. U.S.S.G. § 2F1.1(2). Defendant's criminal-history category is III. Accordingly, the Guideline sentencing range was 15 to 21 months. However, the District Court gave defendant a two-year sentence, holding that an upward departure of three months was appropriate because defendant's criminal history did not accurately reflect the likelihood that defendant would commit a similar crime or crimes in the future.
 
 
 3
 On appeal, two aspects of sentencing are challenged. First, defendant claims that it was error to increase his offense level by two points for more than minimal planning. Second, he argues that the upward departure was, as a matter of law, unjustified, because there was nothing sufficiently unusual in his criminal history to amount to an aggravating factor not adequately considered by the Commission in formulating the Guidelines.
 
 
 4
 Neither argument has merit. Whether more than minimal planning was involved is a question of fact, and the District Court's findings are not clearly erroneous.
 
 
 5
 As to Thurston's criminal history, the District Court said that category III did not significantly under-represent its seriousness, but the Court was still of the opinion "that a criminal history of III does not adequately reflect the likelihood that he will commit further crimes of the type that are reflected by his criminal history." Sentencing Tr. 52.
 
 
 6
 Thurston argues that the District Court's upward departure was purely subjective, the kind of personal reaction that the Guidelines were meant to outlaw. We disagree. The District Court carefully explained on the record the characteristics of Thurston's criminal history that it believed warranted a three-month enhancement. Thurston had committed a large number of check, property, and fraud offenses. Further, the instant offense, though separated by a number of years from Thurston's earlier convictions, was significantly more serious. All of his offenses related to an apparent inclination to make false statements in connection with financial transactions. The District Court summarized its reasons as follows:
 
 
 7
 ... I am concerned about the past record ... in that that past record shows a propensity to engage in fraudulent behavior in the financial area. This case shows a willingness to take a step up to more serious things and, therefore, I don't think that past record adequately reflects the likelihood of further behavior.
 
 
 8
 Sentencing Tr. at 59-60.
 
 
 9
 The similarity of Thurston's past offenses, coupled with the increased seriousness of the present offense, sufficiently justifies the District Court's action, in our opinion. We note, in addition, that Thurston's previous offenses were aggravated by his cavalier attitude towards probation. He appeared to resent being placed on probation, was grudging about furnishing information to probation officers, absconded from probation at least twice, and committed new offenses while a fugitive. On the whole, a sentence of 24 months was not a harsh one. We hold that the District Court committed no error of law.
 
 
 10
 Affirmed.
 
 
 
 [1]
 The Hon. D. Brook Bartlett, United States District Judge for the Western District of Missouri